**SCHOOL COMMITTEE OF the
TOWN OF JOHNSTON**

v.

**INDEPENDENT ASSOCIATION
OF EMPLOYEES, LOCAL
#7, et al.**

**Nos. 94–360–Appeal, 94–417–M.P.**

Supreme Court of Rhode Island.

May 26, 1995.

Stephen Robinson, Katherine Merolla, Providence.

Judith Scott, Cranston.

## ORDER

This matter came before the Supreme Court on May 15, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari and the Independent Association of Employees' (the union) appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown and that this matter should be summarily decided.

In April 1994 the union filed a motion to adjudge the school committee of the town of Johnston in contempt for failure to comply with a prior Superior Court order which this court affirmed by order dated December 13, 1993 in No. 93–102A. Following a hearing on Union's motion, a Superior Court justice entered an order determining that the arbitrator "specifically reserved jurisdiction over this matter in the event that the parties were unable to agree upon the implementation of the remedy." He concluded that the dispute related to implementation and ordered that the matter be remanded to the arbitrator for determination.

The union contends that the trial justice erred in remanding the matter to the arbitrator. It is the union's contention that the school committee has not complied with the arbitrator's award and that the Superior Court, not the arbitrator, possesses the power to enforce the arbitrator's award. Further, the union asserts that implementation was not in dispute, rather, enforcement was.

At the outset we note that the Superior Court possesses subject matter jurisdiction over the enforcement of arbitration agreements pursuant to G.L. 1956 (1986 Reenactment) chapter 9 of title 28. In this case it appears that the parties agreed that the arbitrator would retain jurisdiction over implementation matters. However, it is our belief that the motion justice erred in remanding the matter to the arbitrator before conducting a hearing and making a factual determination as to whether the dispute related to

implementation, over which the arbitrator had apparently retained jurisdiction, or enforcement. We are therefore of the opinion that this matter be remanded to the Superior Court in order for the justice to make such a determination.

For the foregoing reasons the union's appeal is sustained and the petition for certiorari is granted. The order appealed from is vacated. The papers of the case are remanded to the Superior Court for proceedings consistent with this order.

BOURCIER, J., did not participate.